IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| XODUS MEDICAL INC., ALESSIO PIGAZZI and GLENN KEILAR, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Actions No. 13-cv-01372 |
| v. | ) ) | No. 16-cv-01704 |
| PRIME MEDICAL LLC and SYMMETRY SURGICAL INC. | ) ) ) ) | |
| Defendants. | ) | |
| XODUS MEDICAL INC., ALESSIO PIGAZZI and GLENN KEILAR, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 17-1123 |
| v. | ) ) | |
| G & T INDUSTRIES, INC. | ) ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

CONTI, Chief District Judge.

Before the court are parallel motions by defendants Prime Medical, LLC ("Prime") and Symmetry Surgical Inc. ("Symmetry") to dismiss Civil Action Nos. 13-1372 and 16-1704 for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), or in the alternative transfer the actions to the United States District Court for the Eastern District of Tennessee pursuant to 28 U.S.C. § 1406(a). (Civ. No. 13-1372, ECF No. 56; Civ. No. 16-1704, ECF No. 35). Also pending is a motion to consolidate cases filed by G&T Industries, Inc. ("G&T"). (Civ. No. 17-1123, ECF No. 37). The

motions are fully briefed and ripe for disposition.

I. BACKGROUND & PROCEDURAL HISTORY

A. "PRIME I Action"

On September 18, 2013, plaintiffs Xodus Medical Inc., Alessio Pigazzi, and Glenn Keilar (collectively, "plaintiffs" or "Xodus") instituted Civil Action No. 13-1372 in this court ("Prime I Action") for patent infringement of the '314 and '720 patents. Prime and Symmetry ("defendants") filed their answers and counterclaims on November 15, 2013. On May 12, 2014, the court stayed Prime I until November 12, 2014, pending reexamination of the patents-in-suit by the U.S. Patent and Trademark Office ("USPTO") (ECF No. 44). On November 17, 2014, on joint motion of the parties, the court indefinitely stayed the Prime I Action with instructions that the parties file a joint motion to reopen the case within thirty days of the conclusion of the USPTO reexamination (ECF No. 47). On April 6, 2018, the parties filed a joint motion to reopen the case, which the court granted on April 9, 2018 (ECF Nos. 52, 53). On April 20, 2018, defendants filed the pending motion to dismiss or transfer the Prime I Action for improper venue (ECF No. 56).

B. "PRIME II Action"

On November 10, 2016, plaintiffs instituted Civil Action No. 16-1704 in this court ("Prime II Action") for patent infringement of the '876 patent (ECF No. 1). The Prime I and Prime II Actions are closely related and involve the same parties and subject matter. The '876 patent is a continuation (i.e., a child patent) of the '720 patent and is a continuation-in-part of the '314 patent (ECF No. 2-2). Defendants filed their respective

counterclaims and answers on February 9 and 10, 2017 (ECF Nos. 13, 16). On March 23, 2017, the Prime II Action was temporarily stayed pending USPTO reexamination, and on October 26, 2017, the case was stayed indefinitely pending the outcome of the reexamination (ECF Nos. 30, 32). On April 6, 2018, the parties filed a joint motion to reopen the case, which was granted on April 10, 2018 (ECF Nos. 33, 34). On April 20, 2018, defendants filed the pending motion to dismiss or transfer the Prime II Action for improper venue (ECF No. 35).

C. "G&T Action"

On November 9, 2016, plaintiffs filed Civil Action No. 17-cv-1123 (the "G&T Action") in the United States District Court for the Eastern District of Pennsylvania, against G&T for infringement of the '876 patent. G&T, a Delaware corporation with its principal place of business in Michigan, "exclusively 'manufactures [the accused products] for Prime [Medical]" (ECF No. 18 at 3). The same attorneys represent the opposing parties in the Prime I, Prime II and G&T Actions.

On April 3, 2017, G&T filed a motion to transfer the G&T Action to this court, explicitly consenting to venue in the Western District of Pennsylvania ("W.D.P.A.") (ECF No. 15). On July 24, 2017, defendant's motion to transfer was granted despite plaintiffs' opposition (ECF Nos. 16, 19). Although the Eastern District of Pennsylvania is a proper venue, the transferring court explained: "judicial efficiency is best served by transferring this case to the W.D.P.A., where it can be consolidated with the pending W.D.P.A. cases involving essentially the same dispute." (ECF No. 18 at 7).

The G&T Action was stayed pending the outcome of the USPTO reexamination (ECF Nos. 26, 28). The case was reopened on April 19, 2018, and the parties requested a

status conference regarding their disagreement about how the case should proceed. The conference was held on July 5, 2018 and the court ordered G&T to file an answer and, as discussed above, permitted targeted discovery regarding transfer of the Prime I and Prime II Actions. G&T filed the pending motion to consolidate the cases on August 14, 2018 (ECF No. 37).

D. *TC Heartland* and the Pending Motions

Under long-standing precedent, it was understood when defendants answered the complaints filed in the Prime I and Prime II Actions that venue was proper in a patent infringement case against a corporation in any district in which the corporation was subject to personal jurisdiction. *See V.E. Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1575 (Fed. Cir. 1990) (holding that the 1988 amendment[1] to 28 U.S.C. § 1391(c) is applicable to § 1400(b)). Defendants did not challenge venue in their respective answers or counterclaims in the Prime I and Prime II Actions.

On May 22, 2017, following the 2011 amendment[2] to § 1391(c), the Supreme Court of the United States held in *TC Heartland* that venue in patent actions is governed *exclusively* by § 1400, and that "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland LLC v. Kraft Foods*

---

[1] The 1988 amendment to § 1391(c) read as follows: "*For purposes of venue under this chapter*, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c) (1988) (emphasis added). Since § 1400(b) falls within the same chapter as § 1391(c), the amendment "thus redefines the meaning of the term 'resides' in [§ 1400(b)]." *V.E. Holding Corp.*, 917 F.2d at 1578.

[2] The 2011 amendment to § 1391(c) provides that its general definition applies "[f]or all venue purposes." 28 U.S.C. § 1391(c). Since Congress omitted the clause "under this chapter" in § 1391(c) and left § 1400(b) unchanged, then § 1400(b) should be interpreted independently as it was prior to the 1988 amendment. *TC Heartland*, 137 S. Ct. at 1520-21.

*Grp. Brands LLC*, 137 S. Ct. 1514, 1517 (2017).

The stays in the Prime I and Prime II Actions were lifted on April 9, 2018, and April 10, 2018, respectively, after completion of the USPTO reexamination (Civ No. 13-1372, ECF No. 53; Civ No. 16-1704, ECF No. 34). Defendants promptly filed the pending motions to dismiss for improper venue based on *TC Heartland* just days later on April 20, 2018 (Civ No. 13-1372, ECF No. 56; Civ No. 16-1704, ECF No. 35).

II. VENUE ANALYSIS IN PRIME I AND PRIME II ACTIONS

"[U]pon motion by the Defendant challenging venue in a patent case, the Plaintiff bears the burden of establishing proper venue."[3] *In re ZTE (USA) Inc.*, No. 2018-113, 890 F.3d 1008, 1013 (Fed. Cir. 2018). To determine whether venue is proper, 28 U.S.C. § 1400(b) provides: "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." Thus, proper venue requires that the defendant either: (1) reside in the judicial district; or (2) commit acts of infringement *and* have a regular and established place of business in the judicial district.

On May 22, 2017, the Supreme Court of the United States ruled in *TC Heartland* that venue in patent actions is governed exclusively by § 1400(b), and that "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland*, 137 S. Ct. at 1517. Although *TC Heartland* changed the first prong of venue analysis under § 1400(b), it left the second prong unchanged.

---

[3] Prior to *In re ZTE (USA) Inc.,* it was unclear which party bears the burden of proof on a motion to dismiss or transfer for improper venue in a patent case. In that decision, the court held that Federal Circuit law governs and the plaintiff bears the burden of proof. 890 F.3d at 1013-14.

Defendants assert that venue is now improper in this district under *TC Heartland*. Prime Medical is incorporated in Tennessee and Symmetry Surgical is incorporated in Delaware. Accordingly, venue would be proper in this district only if defendants committed acts of infringement in this district *and* have "regular and established places of business here." 28 U.S.C. § 1400(b).

In determining whether defendants have regular and established places of business in the district, there are "three general requirements relevant to the inquiry: (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray, Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). "If any statutory requirement is not satisfied, venue is improper under § 1400(b)." *Id.* An employee's home used to store "literature, documents, and products" may qualify as a "regular and established place of business." *Id.* at 1362.

Defendants contend that they do not have regular and established places of business in this district, representing that they neither have proprietary interests nor store materials or inventory in this district (Civ No. 16-1704, ECF No. 36 at 6-7, citing Holladay Decl., Milne Decl.). In response, plaintiffs asserted that defendants' contentions were incomplete because defendants' declarations did not specify how they make sales, ship products, or maintain their business relationships in this district (Civ No. 16-1704, ECF No. 38 at 15). In merely pointing out omitted information in defendants' argument, plaintiffs did not meet their burden to establish proper venue. *In re ZTE (USA)*, 890 F.3d at 1013-14.

Because plaintiffs filed their response in opposition three days prior to the *In re*

*ZTE* decision,[4] the court granted their request for "a limited period of discovery to clarify Defendants' contacts with Pennsylvania" (Civ No. 16-1704, ECF No. 38 at 15). At the conclusion of discovery, plaintiffs filed a notice that it would rely on their prior response without submitting additional evidence. (Civ. No. 13-1372, ECF No. 61).

For the foregoing reasons, the court finds that Prime and Symmetry do not reside in this district, and do not have regular and established places of business in this judicial district. Venue, therefore, is not proper in this court in the Prime I and Prime II Actions under § 1400(b), as set forth in *TC Heartland*.

III. WAIVER ARGUMENT

Plaintiffs argue that the Prime I and Prime II Actions should nevertheless remain in this court because defendants waived their improper venue defense. Defendants did not assert improper venue in a Rule 12(b)(3) motion to dismiss or as an affirmative defense in their answers in the Prime I Action and Prime II Actions. *TC Heartland* was decided in May 2017, but defendants first raised the improper venue defense on April 20, 2018, approximately ten days after the stays were lifted. Plaintiffs contend that defendants' active litigation of the Prime I Action from the case filing on September 18, 2013 to the initial stay on May 12, 2014, and their affirmative efforts to transfer the G&T Action to this court so it could be consolidated with the Prime I and Prime II Actions waive the

---

[4] When plaintiffs filed their response in opposition of the motion to dismiss or transfer for improper venue, controlling precedent in the Third Circuit held that the burden of proof was on the movant. *See Myers v. American Dental Ass'n*, 695 F.2d 716, 725-26 (3d Cir. 1982) (holding the burden is on the movant to show improper venue); *Boston Sci. Corp. v. Cook Grp., Inc.*, 269 F. Supp. 3d 229, 236-37 (Del. D. 2017) (holding that since "the issue of which party bears the burden of proof on a venue challenge is a procedural, non-patent issue controlled by the law of the regional circuit," then Third Circuit law applies and "places the burden on Defendants to prove improper venue" in patent cases).

right to assert the improper venue defense.

Defendants assert that the provisions of Rule 12(h)(1) do not operate as a waiver since *TC Heartland* is an intervening change of law that made venue improper in this district only after their initial answers were filed. They contend that they sought to transfer the G&T Action to this district for judicial efficiency, based on the assumption that the Prime I and Prime II Actions would remain here.

Pursuant to Federal Rule of Civil Procedure 12(h), the defense of improper venue is waived if not timely raised in either a motion to dismiss under Rule 12(b)(3) or in the answer. The Court of Appeals for the Federal Circuit in *In re Micron Technology, Inc.*, 875 F.3d 1091 (Fed. Cir. 2017), held, however, that because the venue defense recognized in *TC Heartland* was not previously available, the provisions of Rule 12(h)(1) would not operate as a waiver of the defense for cases that had been subject to the prior controlling precedent. *In re Micron*, 875 F.3d at 1100. In *In re Micron*, the court recognized, though, that a defendant by its conduct could otherwise waive the right to assert the venue defense. *Id.* The court identified the following factors to evaluate whether venue was waived: (1) the time from when the defense becomes available to when it is asserted; (2) how near trial is; and (3) whether a defendant tactically bypassed an opportunity to declare a desire for a different forum. *Id.* at 1102.

Because *TC Heartland* was decided during the pendency of a stay in the Prime I and Prime II Actions, the "accrual" date for considering whether defendants' conduct waived their right to dispute venue in those cases is the date that the stay was lifted. *Silcotek Corp. v. Entech Instruments, Inc.*, Civ. No. 15–1531, 2018 WL 1818192, at *1, *3–5 (W.D. Pa. Apr. 17, 2018) (date court lifted stay is the relevant "start date" in

8
Case 3:18-cv-00415-JPM-JEM    Document 41    Filed 09/14/18    Page 8 of 13    PageID #: 353

evaluating defendant's timeliness, where the case had been entirely stayed pending completion of USPTO proceedings); *Infinity Comput. Prods. v. OKI Data Ams., Inc.*, Civ. No. 12-6797, 2018 WL 1035793, at *5 (E.D. Pa. Feb. 23, 2018) (no waiver when motion filed three months after stay lifted). The accrual date to consider waiver in the Prime I and Prime II Actions is April 10, 2018, when the stays were lifted. Defendants filed their Rule 12(b)(3) motions to dismiss or transfer for improper venue ten days later on April 20, 2018. Ten days is sufficiently close in time to the reopening of the cases for the court to conclude that defendants did not unduly delay raising the defense.

Proximity to trial is not an issue. The proceedings, due to the stays for USPTO review, are at a preliminary stage. There is no evidence that defendants engaged in gamesmanship or bypassed an opportunity to declare a desire for a different forum. The parties moved *jointly* for indefinite stays of the Prime I and Prime II Actions. Nothing in the USPTO reviews related to venue. Defendants' efforts to transfer the G&T Action to this court were made prior to the *TC Heartland* decision and were clearly premised on the assumption that the Prime I and Prime II Actions would remain here.

Venue is not proper in this district. The provisions of Rule 12(h)(1) do not operate as a waiver since *TC Heartland* constitutes an intervening change of law that made venue improper after the cases were stayed. Defendants did not otherwise waive the defense by their conduct. In sum, defendants' improper venue defense is meritorious.

## IV. DISMISS OR TRANSFER

Because venue is improper in this district for the Prime I and Prime II Actions, the court must consider the appropriate remedy. Under 28 U.S.C. § 1406(a): "The district court of a district in which is filed a case laying venue in the wrong division or district

shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." There is no dispute that venue is proper for the Prime I and Prime II Actions in the Eastern District of Tennessee because Prime is incorporated in Tennessee and Symmetry has its principal place of business in Knoxville, Tennessee (Holladay Decl., Milne Decl.). Considering that the Prime I Action was instituted by the plaintiffs over four years ago, the court concludes that in the interests of justice it should transfer the Prime I and Prime II Actions to the Eastern District of Tennessee rather than dismiss the cases.

In summary, because venue is improper in this district, the court will grant the motions to transfer the Prime I and Prime II Actions to the Eastern District of Tennessee.

V. G&T ACTION

The court turns now to the pending motion to consolidate the G&T Action with the Prime I and Prime II Actions. G&T consents to venue in the Eastern District of Tennessee (Civ. No. 17-1123, ECF No. 38 at 4), and the motion also seeks transfer of the G&T Action to Tennessee.

Plaintiffs oppose transfer because of the concerted efforts made, over their objections, to transfer the G&T Action from the Eastern District of Pennsylvania to this court. Plaintiffs contend that if the G&T Action is transferred, it should return to the Eastern District of Pennsylvania because that was plaintiffs' first choice of venue, and venue is undoubtedly proper there. G&T responds that those efforts were made in the interests of judicial economy, prior to the *TC Heartland* decision, based on the assumption that the Prime I and Prime II Actions would remain in this court.

Re-transfer of a case is disfavored. The initial transfer decision becomes law of

the case. *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 168 (3d Cir. 1982). Adherence to law of the case principles is even more important where the transferor judge and the transferee judge are not members of the same court because principles of comity suggest that the transferee court should not independently re-examine an issue already decided by a court of equal authority. *Id*. at 169.

There are commonly recognized exceptions to the law of the case doctrine, however, which permit reconsideration of a transfer order. In *Hayman*, the court identified several, including: (1) unusual circumstances; (2) new evidence which changes the question to be decided; and (3) "a duty to apply a supervening rule of law despite its prior decisions to the contrary when the new legal rule is valid and applicable to the issues of the case." *Id*. at 169-70 (citations omitted). Under these circumstances, the question was not really decided earlier. *Id*.

In *In re Micron,* the Federal Circuit Court of Appeals instructed that venue objections should be resolved in light of Federal Rule of Civil Procedure 1's "paramount command: the just, speedy, and inexpensive resolution of disputes" and courts' inherent powers "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *In re Micron,* 875 F.3d at 1100 (citing *Dietz v. Bouldin, Inc.*, 136 S. Ct. 1885, 1891 (2016)). The court cautioned that the exercise of an inherent power must be "a reasonable response to a specific problem and the power cannot contradict any express rule or statute." *Id*. at 1101.

These principles dictate that the G&T Action should be transferred to the Eastern District of Tennessee. The procedural circumstances of this case are unusual. There has been a material intervening change of law. Because venue is now improper in this

11

district, the Prime I and Prime II Actions will be transferred to the Eastern District of Tennessee. The question before the Eastern District of Pennsylvania was whether the G&T Action should be transferred to the district in which the Prime I and Prime II Actions were pending. That court found that transfer was warranted under the "first filed rule," 28 U.S.C. § 1404(a), and for judicial economy. (Civ. No. 17-1123, ECF No. 18). In one sense, the question now is quite different – whether the G&T Action should remain in this court when the Prime I and Prime II Actions will be litigated in Tennessee.[5] In another sense, though, the question remains exactly the same -- whether the G&T Action should be transferred to the same district in which the Prime I and Prime II Actions will be litigated. For substantially the same reasons articulated in the transferring court's decision, this court reaches the same result. Transfer of the G&T Action to the Eastern District of Tennessee is appropriate to promote the just, speedy, and inexpensive resolution of these closely related disputes. The court is aware of no legal prohibition on transfer, in light of G&T's consent to venue in that district.[6] There is no evidence of "wait and see" gamesmanship by defendants. Instead, the pending motions represent legitimate efforts to adapt to the new legal environment post-*TC Heartland*.

The G&T Action will be transferred to the Eastern District of Tennessee. This court does not resolve the request for consolidation of the cases, deferring to the

---

[5] The transferring court's decision expressly noted that it need not determine the impact of *TC Heartland* on whether venue was proper in this district. (Civ. No. 16-1704, ECF No. 38-5 at 12).

[6] Plaintiffs' citation to *Intellectual Ventures II LLC v. FedEx Corp.*, Civ. Act. No. 2: 16-CV-00980, 2017 WL 5630023 (E.D. Tex. Nov. 22, 2017), for the proposition that G&T waived its venue objection by its conduct, is unpersuasive. *Intellectual Ventures* involved a defendant who actively litigated the case in the transferee court after *TC Heartland* was decided by serving subpoenas, propounding discovery, and filing briefs. *See Silcotek*, 2018 WL 1818192, at *4. G&T engaged in no such conduct in this district.

discretion of the transferee court.

## VI. CONCLUSION

       For the reasons set forth above, the motions to transfer Civil Action Nos. 13-1372 and 16-1704 for improper venue will be GRANTED. The motion to consolidate and transfer the G&T Action will be GRANTED IN PART. Civil Action Nos. 13-1372, 16-1704 and 17-1123 will be transferred to the United States District Court for the Eastern District of Tennessee forthwith.

       An appropriate order follows.

September 14, 2018

                                       BY THE COURT:

                                       /s/ Joy Flowers Conti
                                       Joy Flowers Conti
                                       Chief United States District Judge